UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

_____

CASSANDRA A. VALENTINE,                                Case No.: 20-cv-03435
Individually and on behalf of those
similarly situated

       Plaintiff,

v.

CLIENT SERVICES, INC.
JOHN DOES 1 to 10

       Defendants.

_____

## DEFENDANT CLIENT SERVICES, INC.'S NOTICE OF REMOVAL

Defendant Client Services, Inc. ("Defendant" or "CSI"), by filing this Notice of Removal

and related papers, hereby removes the above-entitled action from the Superior Court of New

Jersey Law Division, Essex County, to the United States District Court of New Jersey pursuant to

28 U.S.C. §§ 1331, 1441 and 1446.

In support of this Notice of Removal, Defendant asserts the following:

1.     Plaintiff Cassandra A. Valentine ("Plaintiff") filed her Complaint on February 28,

2020 in the Superior Court of New Jersey Law Division, Essex County.

2.     Defendant was served with a copy of the Complaint on March 11, 2020.

3.     Defendant is a corporation with a principal place of business in the State of

Wisconsin.

4.     Defendant desires to exercise its right to remove the county court action under 28

U.S.C. § 1441(a), which provides in pertinent part:

> Except as otherwise expressly provided by Act of Congress, any
> civil action brought in a State court of which the district courts of

the United States have original jurisdiction, may be removed by the
defendant or the defendants, to the district court of the United States
for the district and division embracing the place where such action
is pending.

5.      The Complaint alleges that Defendant violated the Fair Debt Collection Practices
Act, codified at 15 U.S.C. § 1692, *et seq*. (the "FDCPA").

6.      Given the allegation in the Complaint that Defendant violated the FDCPA, this
Court, pursuant to 28 U.S.C. § 1331, has subject matter jurisdiction over the allegations in the
Complaint.

7.      Thus, the Superior Court of New Jersey Law Division, Essex County action may
be removed to this Court by Defendant in accordance with the provisions of 28 U.S.C. § 1441(a)
because this is a civil action pending within the jurisdiction of the United States District Court for
the District of New Jersey and because the allegations by Plaintiff claim violations of the FDCPA.

8.      The notice of removal is being filed within 30 days after service of the Complaint
upon Defendant and is thus timely as set forth in 28 U.S.C. § 1446(b).

9.      Pursuant to 28 U.S.C. 1441(a), venue is proper because Essex County lies within
the territorial jurisdiction of the District of New Jersey.

10.     Pursuant to 28 U.S.C. § 1446(a), a copy of the Complaint served on Defendant is
attached hereto as **Exhibit A**.

11.     A civil cover sheet will be contemporaneously filed with this pleading.

12.     Pursuant to 28 U.S.C. § 1446(d), a copy of this notice of removal is
contemporaneously being filed with the Superior Court of New Jersey Law Division, Essex
County and served on Plaintiff's counsel. By serving a copy of this notice of removal upon
Plaintiff's Counsel, Defendant is giving Plaintiff proper notice of this removal.

13.     Defendant reserves the right to amend or supplement this notice of removal and
further reserves the right to raise all defenses or objections.

WHEREFORE, Defendant Client Services, Inc., by counsel, removes the subject action
from with the Superior Court of New Jersey Law Division, Essex County to the United States

District Court for the District of New Jersey.

Dated: March 31, 2020

                    Respectfully submitted,

                    /s Sean M. O'Brien
                    Sean M. O'Brien, Esq.
                    New Jersey Bar #093702013
                    Lippes Mathias Wexler Friedman LLP
                    Attorneys for Defendant
                    50 Fountain Plaza, Suite 1700
                    Buffalo, NY 14202
                    P: 716-853-5100
                    F: 716-853-5199
                    E: sobrien@lippes.com