# EXHIBIT A

Yongmoon Kim - 026122011
KIM LAW FIRM LLC
411 Hackensack Avenue, Suite 701
Hackensack, NJ 07601
Tel. and Fax (201) 273-7117
*Attorneys for Plaintiff and the Proposed Class*

| | |
|---|---|
| CASSANDRA A. VALENTINE, *individually and on behalf of those similarly situated*,<br><br>Plaintiff,<br><br>vs.<br><br>CLIENT SERVICES, INC.; and JOHN DOES 1 to 10,<br><br>Defendants. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION: ESSEX COUNTY<br><br>Civil Action<br><br>Docket No. ESX-L-1649-20<br><br>**SUMMONS** |

From The State of New Jersey To The Defendant(s) Named Above:

The plaintiffs, named above, have filed a lawsuit against you in the Superior Court of New Jersey. The complaint attached to this summons states the basis for this lawsuit. If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it. (A directory of the addresses of each deputy clerk of the Superior Court is available in the Civil Division Management Office in the county listed above and online at http://www.judiciary.state.nj.us/prose/10153_deptyclerklawref.pdf.) If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, P.O. Box 971, Trenton, NJ 08625-0971. A filing fee payable to the Treasurer, State of New Jersey and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to plaintiffs' attorneys whose names and addresses appear above, or to plaintiffs, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee of $175.00 and completed Case Information Statement) if you want the court to hear your defense.

If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiffs demands, plus interest and costs of suit. If

judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

If you cannot afford an attorney, you may call the Legal Services office in the county where you live or the Legal Services of New Jersey Statewide Hotline at 1-888-LSNJ-LAW (1-888-576-5529). If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A directory with contact information for local Legal Services Offices and Lawyer Referral Services is available in the Civil Division Management Office in the county listed above and online at http://www.judiciary.state.nj.us/prose/10153_deptyclerklawref.pdf.

Dated: March 4, 2020

*/s/ Michelle M. Smith*
Michelle M. Smith
Clerk of the Superior Court of New Jersey

Name of Defendant to be served: **Client Services, Inc.**

Address of Defendant to be served:
**c/o Corporation Service Company**
**Princeton South Corporate Center, Suite 160**
**100 Charles Ewing Boulevard**
**Ewing, NJ 08628**

Yongmoon Kim - 026122011
KIM LAW FIRM LLC
411 Hackensack Avenue, Suite 701
Hackensack, New Jersey 07601
Tel. & Fax (201) 273-7117
ykim@kimlf.com

*Attorneys for Plaintiff*

| | |
|---|---|
| CASSANDRA A. VALENTINE, *individually and on behalf of those similarly situated*,<br><br>Plaintiff,<br><br>vs.<br><br>CLIENT SERVICES, INC.; and JOHN DOES 1 to 10,<br><br>Defendants. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION<br>ESSEX COUNTY<br><br>Docket No. ESX-L-_____________<br><br><u>Civil Action</u><br><br>**CLASS ACTION COMPLAINT AND JURY DEMAND** |

Plaintiff Cassandra A. Valentine, residing in Essex County, New Jersey, individually and on behalf of those similarly situated, by way of Class Action Complaint against Defendants Client Services, Inc. and John Does 1 to 10, states:

## I. NATURE OF THE ACTION

1. This action for damages arises from the debt collector's violations of the Fair Debt Collection Practices Act, 15 *U.S.C.A.* § 1692 et seq. ("FDCPA").

2. As described more fully below, Defendants breached legal duties they owed to Plaintiff and other New Jersey consumers under the FDCPA by falsely representing that, though the balance of the debt will not increase "throughout the course of Client Services, Inc. collection efforts," the balance may increase in the future by another third party collection company's collection efforts.

## II. PARTIES

3. Plaintiff Cassandra A. Valentine ("Plaintiff" or "Valentine") is a natural person residing in Essex County, New Jersey.

4. Defendant, Client Services, Inc. ("Defendant" or "CSI"), is a collection agency with an office located at 3451 Harry South Truman Boulevard, Saint Charles, Missouri 63301.

5. Defendants John Does 1 to 10 are fictitious names of individuals and businesses alleged for the purpose of substituting names of defendants whose identity will be disclosed in discovery and should be made parties to this action.

## III. FACTS

6. Defendants are not in the business of extending credit, selling goods or services to consumers.

7. Defendants regularly collect or attempt to collect past-due and defaulted debts of natural persons allegedly owed to others which were incurred primarily for personal, family or household purposes.

8. The principal purpose of Defendants is the collection of debts.

9. When attempting to collect debts, Defendants use the mails, telephone, the internet and other instruments of interstate commerce.

10. Defendants have asserted that Plaintiff incurred or owed a certain financial obligation, which arose from one or more transactions which were primarily for Plaintiff's personal, family or household purposes.

11. Defendants contend that the debt allegedly owed by Plaintiff was past-due and in default.

12. Plaintiff's alleged debt was assigned to Defendants for the purpose of collection.

13. Plaintiff's alleged debt was past-due and in default when it was placed with or assigned to Defendants for collection.

14. To collect the alleged debt, Defendants mailed a collection letter to Plaintiff on or about February 28, 2019 ("CSI Letter"). A true copy of the collection letter, but with redactions, is attached as ***Exhibit A***.

15. Plaintiff received the CSI Letter.

16. On information and belief, CSI created the CSI Letter and mailed along with substantially identical letters which are mass-produced, computer-generated, form letters mailed to consumers in the State of New Jersey in CSI's attempt to collect debts.

17. Defendants sent the CSI Letter to collect a debt allegedly owed to Department Stores National Bank ("DSNB").

18. The CSI Letter was Defendants' initial written communication to Plaintiff.

19. The CSI Letter stated: "Your Account Balance: $375.50."

20. The CSI Letter went on to state:

> We are offering you the ability to resolve your account balance for the amount of $188.00. To accept this offer, our office must receive payment within forty (40) days of the date of this notice. This offer is contingent upon timely receipt or your payment. If payment is not received in our office within forty (40) days of the date of this notice, this offer will be withdrawn and will be deemed null and void, with the remainder of the balance being due and owing. We are not obligated to renew this offer. Please note that no interest will be added to your account balance through the course of Client Services, Inc. collection efforts concerning your account.
> . . .

21. Prior to the sending of the CSI Letter, DSNB had charged-off the credit card debt and sent the debt to Defendants for collection.

22. On information and belief, "charge-off" is an accounting procedure by which a receivable—such as the amount owed to a creditor on a loan—is deemed sufficiently unlikely to

be paid that the creditor can no longer represent the receivable as an asset and, for an accrual-based taxpayer, all or a portion of the amount charged off may be treated as a loss for which the creditor receives a deduction for purposes of determining the creditor's federal income taxes. See, Victoria J. Haneman, The Ethical Exploitation of the Underrepresented Consumer, 763 Mo. L. Rev. 707, 713-14 (2008).

23. On information and belief, an account will go into default (*i.e.*, there has been a failure to make a timely payment in accordance with the terms of the debt) before it is charged-off. Thus, a charged-off debt is always in default but not all defaulted debts are charged-off.

24. On information and belief, DSNB does not intend to add and, as a matter of practice, does not add interest or other charges to the balance of its charged-off credit card accounts.

25. On information and belief, DSNB does not prepare and send monthly periodic billing statements on charged-off credit card accounts.

26. Once the debt was charged-off, its balance remained static and unchanging.

27. Once the debt was charged-off, DSNB did not add interest or other charges to the debt.

28. "A debt collection letter is deceptive where 'it can be reasonably read to have two or more different meanings, one of which is inaccurate.'"[1]

29. The CSI Letter falsely implied to a least sophisticated consumer that interest and other charges could accrue on the charged-off Debt.

[1] *Brown v. Card Serv. Ctr.*, 464 F.3d 450, 455 (3d Cir. 2006) (quoting *Wilson v. Quadramed Corp.*, 225 F.3d 350, 354 (3d Cir. 2000)).

30. Such false implication arises from the totality of the CSI Letter including, but not limited, to the statement, "Please note that no interest will be added to your account balance through the course of Client Services, Inc. collection efforts concerning your account."

31. This statement implies that interest *could* be added if the Debt is not resolved *before* Client Services returns the Debt to the creditor.

32. The CSI Letter is materially false, deceptive, and misleading to a least sophisticated consumer because it can lead a consumer to conclude that the amount due is not static but, instead, could increase, materially affects the decision of the least sophisticated consumer whether to pay the debt because, with limited resources and the inability to pay all debts, such a consumer would rationally pay a debt with a balance that was increasing due to interest before paying an otherwise identical debt with a static balance.

33. A rational person with limited financial resources would, based on the CSI Letter, choose to pay the Debt over an otherwise identical debt which accurately implied the balance remained static.

34. Defendants' use of a form letter like the Letter—which falsely implies the Debt could increase—competitively disadvantages debt collectors who collect static debts without obscuring the fact those debts' balances are static.

35. The CSI Letter does not clearly and unambiguously state the amount of the Debt.

36. Defendants' statement that it is "not obligated to renew this offer" is materially false, deceptive, and misleading because it is *always* obligated by DSNB to renew the offers stated in the Letter.

37. Defendants' false statement that it is "not obligated to renew this offer" is materially false, deceptive, and misleading, because it influences the unsophisticated consumer's

decision to promptly pay the debt, instead of first disputing it, because a delayed payment would result in potentially losing the ability to accept the settlement offer at a later date.

38. The CSI Letter deprived Plaintiff of truthful, non-misleading information in connection with Defendants' attempt to collect a debt.

39. On information and belief, the CSI Letter was created by merging information specific to a debt and consumer with a template to create what is commonly called a "form letter."

40. Therefore, the CSI Letter deprived Plaintiff and other New Jersey consumers of truthful, non-misleading, information in connection with Defendants' attempt to collect a debt.

41. Defendants engaged in unlawful practices in violation of the FDCPA including but not limited to 15 U.S.C. §§ 1692e, 1692e(2) 169e(5), 1692e(10), 1692f, 1692g, and 1692g(a)(1).

42. Defendants used the same procedures that they employed in sending the CSI Letter to Plaintiff when sending the same and/or similar letters to numerous other New Jersey consumers.

## IV. CLASS ACTION ALLEGATIONS

43. Plaintiff brings this action individually and as a class action on behalf of all others similarly situated pursuant to Rule 4:32.

44. The debts alleged to be owed by Plaintiff and those similarly situated were incurred for personal, family or household purposes.

45. Subject to discovery and further investigation which may cause Plaintiff to modify, narrow or expand the following class definition at the time Plaintiff moves for class certification, Plaintiff seeks certification of a class initially defined as follows:

> All natural persons with an address within the State of New Jersey to whom, beginning February 28, 2019 through and including the final resolution of this case, Defendants sent one or more letters in the same or similar form as Exhibit A.

46. Plaintiff seeks to recover statutory damages, attorney's fees and costs on behalf of all class members under the Fair Debt Collection Practices Act.

47. The class for whose benefit this action is brought is so numerous that joinder of all members is impracticable.

48. There are questions of law and fact common to the members of the class that predominate over questions affecting only individuals, including but not limited to:

A. Whether Defendants are a debt collector under the FDCPA;

B. Whether Defendants violated the FDCPA; and

C. Whether Plaintiff and the Class are entitled to statutory damages.

49. A class action is superior to other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impracticable. The FDCPA statutory scheme provides for statutory damages payable to each class member. A class action will cause an orderly and expeditious administration of the claims of the Class and will foster economies of time, effort and expense.

50. Plaintiff's claim is typical of the claims of the members of the class.

51. The questions of law and/or fact common to the members of the class predominate over any questions affecting only individual members.

52. Plaintiff does not have interests antagonistic to those of the class.

53. The class, of which Plaintiff is a member, is readily identifiable.

54. Plaintiff will fairly and adequately protect the interests of the class, and has retained competent counsel experienced in the prosecution of consumer litigation. Proposed

Class Counsel have investigated and identified potential claims in the action; have a great deal of experience in handling consumer class actions and other complex litigation, and claims of the type asserted in this action.

55. The prosecution of separate actions by individual members of the class would run the risk of inconsistent or varying adjudications, which would establish incompatible standards of conduct for the Defendants in this action or the prosecution of separate actions by individual members of the class would create the risk that adjudications with respect to individual members of the class would as a practical matter be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests. Prosecution as a class action will eliminate the possibility of repetitious litigation.

56. Plaintiff does not anticipate any difficulty in the management of this litigation.

## V. COUNT I - VIOLATIONS OF THE FDCPA

57. Plaintiff, on behalf of herself and others similarly situated, reasserts and incorporates herein the allegations contained in the preceding and following paragraphs.

58. Plaintiff and those similarly situated are "consumers" as defined by 15 U.S.C.A. § 1692a(3) because they are natural persons allegedly obligated to pay a debt, in which the money, property, insurance, or services, which was the subject of the transaction, was primarily for personal, family and/or household purposes.

59. The debts alleged to be owed by the Plaintiff and those similarly situated are consumer "debts" as defined by 15 U.S.C.A. § 1692a(5).

60. Each Defendant is a "debt collector" as defined by 15 U.S.C.A. § 1692a(6) and the interpretations thereof.

61. Defendants' collection letters sent to Plaintiff and other New Jersey consumers are "communications" pursuant to 15 U.S.C.A. § 1692a(2).

62. By sending numerous collection letters in the same or similar form as Exhibit A, Defendants violated sections 15 U.S.C. §§ 1692e, 1692e(2), 1692e(4), 1692e(5), 1692e(8), 1692e(10), 1692f, 1692g, and 1692g(a)(1) of the FDCPA.

63. The violations of the FDCPA described herein constitute *per se* violations.

64. Based on any one or more of those violations, Defendants are liable to Plaintiff and those similarly situated for damages, attorney's fees and costs under 15 U.S.C.A. § 1692k.

## VI. PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Cassandra A. Valentine, on behalf of herself and others similarly situated, demands judgment against Defendant Client Services, Inc. as follows:

A. For certification of this instant matter as a class action, appointing the named Plaintiff as representative of the class, and appointing the attorneys of Kim Law Firm LLC as class counsel;

B. For statutory damages in favor of Plaintiff pursuant to 15 *U.S.C.A.* § 1692k(a)(2)(B)(i) or, in the alternative, 15 U.S.C.A. § 1692k(a)(2)(A);

C. For statutory damages in favor of the class pursuant to 15 U.S.C.A. § 1692k(a)(2)(B)(ii);

D. For attorney's fees, litigation expenses and costs in connection with this action pursuant to 15 U.S.C.A. § 1692k(a)(3);

E. For pre-judgment and post-judgment interest; and

F. For such other and further relief as the Court deems equitable and just.

## VII. JURY DEMAND

Plaintiff demands trial by jury as to all claims and defenses.

## VIII. DESIGNATION OF TRIAL COUNSEL

Plaintiff hereby designates Yongmoon Kim of the Kim Law Firm LLC as trial counsel in this matter.

## IX. CERTIFICATION

I hereby certify that confidential personal identifiers have been redacted from documents now submitted to the Court, and will be redacted from all documents submitted in the future in accordance with *R.* 1:38-7(b). I further certify that the causes alleged herein is not the subject of any other action pending in any Court or arbitration proceeding. Furthermore, at this time, joinder of any additional parties is not necessary or anticipated to be necessary in the future.

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

KIM LAW FIRM LLC

*/s/ Yongmoon Kim*
Yongmoon Kim, Esq.
*Attorneys for Plaintiff*

Dated: February 28, 2020



3451 Harry S Truman Blvd.
Saint Charles, MO 63301-4047

Office Hours (Central Time)
Monday-Thursday: 8am-8pm
Friday: 8am-5pm
Saturday: 7am-11am
Sunday: Closed

CURRENT CREDITOR: Department Stores National Bank (DSNB)
ACCOUNT NUMBER: XXXXXXXXXXXX REDACTED
BALANCE DUE: $375.50
REFERENCE NUMBER: REDACTED

PHONE: 877-288-0504
TTY/TDD Service: Dial 711

DATE: 2/28/2019

## DEBT VALIDATION NOTICE

Our client, the current creditor referenced above, has placed the above MACY'S account with our organization for collections.

Unless you notify our office within thirty (30) days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within thirty (30) days from receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request of this office in writing within thirty (30) days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

**Your Account Balance: $375.50**
**Your Account Resolution Offer: $188.00**

**ACCOUNT RESOLUTION OFFER**

We are offering you the ability to resolve your account balance for the amount of $188.00. To accept this offer, our office must receive payment within forty (40) days of the date of this notice. This offer is contingent upon timely receipt of your payment. If payment is not received in our office within forty (40) days of the date of this notice, this offer will be withdrawn and will be deemed null and void, with the remainder of the balance being due and owing. We are not obligated to renew this offer. Please note that no interest will be added to your account balance through the course of Client Services, Inc. collection efforts concerning your account. This offer does not affect your right to dispute the debt as described above.

We look forward to working with you in resolving this matter.

Jerry Petersen

THIS COMMUNICATION IS FROM A DEBT COLLECTOR. THIS IS AN ATTEMPT TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.

FOR IMPORTANT RIGHTS AND PRIVILEGES WHICH MIGHT APPLY TO YOUR STATE OF RESIDENCE, PLEASE SEE BELOW OR REVERSE SIDE (IF FAXED THEN FOLLOWING PAGE).

---

PO Box 1503
Saint Peters, MO 63376

| REFERENCE NUMBER | REDACTED |
| --- | --- |
| AMOUNT ENCLOSED | |



**Checks Payable To:**
**Department Stores National Bank (DSNB)**

REMIT TO:

CLIENT SERVICES, INC.
PO BOX 1503
SAINT PETERS MO 63376


CASSANDRA VALENTINE
REDACTED
REDACTED

R109 01D259

1 of 2

EXHIBIT A

11-41-141-CB809SO

**CALIFORNIA**
The state Rosenthal Fair Debt Collection Practices Act and the federal Fair Debt Collection Practices Act require that, except under unusual circumstances, collectors may not contact you before 8:00 a.m. or after 9:00 p.m. They may not harass you by using threats of violence or arrest or by using obscene language. Collectors may not use false or misleading statements or call you at work if they know or have reason to know that you may not receive personal calls at work. For the most part, collectors may not tell another person, other than your attorney or spouse, about your debt. Collectors may contact another person to confirm your location or enforce a judgment. For more information about debt collection activities, you may contact the Federal Trade Commission at 1-877-FTC-HELP or www.ftc.gov. Non profit credit counseling services may be available in the area.

**COLORADO**
FOR INFORMATION ABOUT THE COLORADO FAIR DEBT COLLECTION PRACTICES ACT, SEE WWW.COAG.GOV/CAR. A consumer has the right to request in writing that a debt collector or collection agency cease further communication with the consumer. A written request to cease communication will not prohibit the debt collector or collection agency from taking any other action authorized by law to collect the debt.The address and telephone number for Client Services, Inc.'s local Colorado office is: The Executive Club Building, Attn: Stokes & Wolf, P.C. as agent for Client Services, Inc., 1776 S. Jackson St., Suite 900 Denver, CO 80210 (Phone: 720-287-8650)

**KANSAS**
An investigative consumer report, which includes information as to your character, general reputation, personal characteristics and mode of living, has been requested. You have the right to request additional information, which includes the nature and scope of the investigation.

**MASSACHUSETTS**
NOTICE OF IMPORTANT RIGHTS: You have the right to make a written or oral request that telephone calls regarding your debt not be made to you at your place of employment. Any such oral request will be valid for only ten days unless you provide written confirmation of the request postmarked or delivered within seven days of such request. You may terminate this request by writing to the debt collector.

**MINNESOTA**
This collection agency is licensed by the Minnesota Department of Commerce.

**NEW YORK**
In accordance with the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq., debt collectors are prohibited from engaging in abusive, deceptive, and unfair debt collection efforts, including but not limited to: the use or threat of violence, the use of obscene or profane language, and repeated phone calls made with the intent to annoy, abuse, or harass. If a creditor or debt collector receives a money judgment against you in court, state and federal laws may prevent the following types of income from being taken to pay the debt: supplemental security income (SSI), social security, public assistance (welfare), spousal support including maintenance (alimony) or child support, unemployment benefits, disability benefits, workers' compensation benefits, public or private pensions, veterans' benefits, federal student loans, federal student grants, federal work study funds, and ninety percent of your wages or salary earned in the last sixty days.

**NEW YORK CITY**
New York City Department of Consumer Affairs License Number: 2076846, 2076850, 2076851

**NORTH CAROLINA**
3451 Harry S Truman Blvd, Saint Charles, MO 63301-4047; Permit Number: 113653
Do not send payments or correspondence to the below branch locations:
14425 College Blvd. Ste. 170 Lenexa, KS 66215; Permit Number: 113652
Eurocenter Diursa, Bldg 1, 2nd Floor, Barreal de Heredia, Frente a Ceneda, Heredia, Costa Rica; Permit Number: 113662

**TENNESSEE**
This collection agency is licensed by the Collection Service Board of the Department of Commerce and Insurance.

# EXHIBIT A



3451 Harry S Truman Blvd.
Saint Charles, MO 63301-4047

CURRENT CREDITOR: Department Stores National Bank (DSNB)
ACCOUNT NUMBER: XXXXXXXXXXXX REDACTED
BALANCE DUE: $375.50
REFERENCE NUMBER: REDACTED

Office Hours (Central Time)
Monday-Thursday: 8am-8pm
Friday: 8am-5pm
Saturday: 7am-11am
Sunday: Closed

PHONE: 877-288-0504
TTY/TDD Service: Dial 711

DATE: 2/28/2019

## DEBT VALIDATION NOTICE

| | | | |
|---|---|---|---|
|  | Send your payment in the enclosed envelope using the remittance coupon below. | | Online: www.csiconsumercenter.com |
| | Pay-by-Phone: 1-877-552-5905 | | Contact our office at 877-288-0504 for payment options, which may be available to you. |

PO Box 1503
Saint Peters, MO 63376

| | |
|---|---|
| REFERENCE NUMBER | REDACTED |
| AMOUNT ENCLOSED | |

**Checks Payable To:**
**Department Stores National Bank (DSNB)**

**REMIT TO:**

CASSANDRA VALENTINE
REDACTED
REDACTED

CLIENT SERVICES, INC.
PO BOX 1503
SAINT PETERS MO 63376



EXHIBIT A

2 of 2

117011-142-CB809SO

**CALIFORNIA**
The state Rosenthal Fair Debt Collection Practices Act and the federal Fair Debt Collection Practices Act require that, except under unusual circumstances, collectors may not contact you before 8:00 a.m. or after 9:00 p.m. They may not harass you by using threats of violence or arrest or by using obscene language. Collectors may not use false or misleading statements or call you at work if they know or have reason to know that you may not receive personal calls at work. For the most part, collectors may not tell another person, other than your attorney or spouse, about your debt. Collectors may contact another person to confirm your location or enforce a judgment. For more information about debt collection activities, you may contact the Federal Trade Commission at 1-877-FTC-HELP or www.ftc.gov. Non profit credit counseling services may be available in the area.

**COLORADO**
FOR INFORMATION ABOUT THE COLORADO FAIR DEBT COLLECTION PRACTICES ACT, SEE WWW.COAG.GOV/CAR. A consumer has the right to request in writing that a debt collector or collection agency cease further communication with the consumer. A written request to cease communication will not prohibit the debt collector or collection agency from taking any other action authorized by law to collect the debt.The address and telephone number for Client Services, Inc.'s local Colorado office is: The Executive Club Building, Attn: Stokes & Wolf, P.C. as agent for Client Services, Inc., 1776 S. Jackson St., Suite 900 Denver, CO 80210 (Phone: 720-287-8650)

**KANSAS**
An investigative consumer report, which includes information as to your character, general reputation, personal characteristics and mode of living, has been requested. You have the right to request additional information, which includes the nature and scope of the investigation.

**MASSACHUSETTS**
NOTICE OF IMPORTANT RIGHTS: You have the right to make a written or oral request that telephone calls regarding your debt not be made to you at your place of employment. Any such oral request will be valid for only ten days unless you provide written confirmation of the request postmarked or delivered within seven days of such request. You may terminate this request by writing to the debt collector.

**MINNESOTA**
This collection agency is licensed by the Minnesota Department of Commerce.

**NEW YORK**
In accordance with the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq., debt collectors are prohibited from engaging in abusive, deceptive, and unfair debt collection efforts, including but not limited to: the use or threat of violence, the use of obscene or profane language, and repeated phone calls made with the intent to annoy, abuse, or harass. If a creditor or debt collector receives a money judgment against you in court, state and federal laws may prevent the following types of income from being taken to pay the debt: supplemental security income (SSI), social security, public assistance (welfare), spousal support including maintenance (alimony) or child support, unemployment benefits, disability benefits, workers' compensation benefits, public or private pensions, veterans' benefits, federal student loans, federal student grants, federal work study funds, and ninety percent of your wages or salary earned in the last sixty days.

**NEW YORK CITY**
New York City Department of Consumer Affairs License Number: 2076846, 2076850, 2076851

**NORTH CAROLINA**
3451 Harry S Truman Blvd. Saint Charles, MO 63301-4047; Permit Number: 113653
Do not send payments or correspondence to the below branch locations:
14425 College Blvd. Ste. 170 Lenexa, KS 66215; Permit Number: 113652
Eurocenter Diursa, Bldg 1, 2nd Floor, Barreal de Heredia, Frente a Ceneda, Heredia, Costa Rica; Permit Number: 113662

**TENNESSEE**
This collection agency is licensed by the Collection Service Board of the Department of Commerce and Insurance.

# EXHIBIT A

ESSEX COUNTY - CIVIL DIVISION
SUPERIOR COURT OF NJ
465 MARTIN LUTHER KING JR BLVD
NEWARK NJ 07102

TRACK ASSIGNMENT NOTICE

COURT TELEPHONE NO. (973) 776-9300
COURT HOURS 8:30 AM - 4:30 PM

DATE: FEBRUARY 28, 2020
RE: VALENTINE CASSANDRA VS CLIENT SERVICES, INC .
DOCKET: ESX L -001649 20

THE ABOVE CASE HAS BEEN ASSIGNED TO: TRACK 4.

DISCOVERY IS PRESUMPTIVELY 450 DAYS BUT MAY BE ENLARGED OR SHORTENED BY THE JUDGE AND RUNS FROM THE FIRST ANSWER OR 90 DAYS FROM SERVICE ON THE FIRST DEFENDANT, WHICHEVER COMES FIRST.
FROM SERVICE ON THE FIRST DEFENDANT, WHICHEVER COMES FIRST.

THE MANAGING JUDGE ASSIGNED IS: HON KEITH E. LYNOTT

IF YOU HAVE ANY QUESTIONS, CONTACT TEAM 002 AT: (973) 776-9300.

IF YOU BELIEVE THAT THE TRACK IS INAPPROPRIATE YOU MUST FILE A CERTIFICATION OF GOOD CAUSE WITHIN 30 DAYS OF THE FILING OF YOUR PLEADING.
PLAINTIFF MUST SERVE COPIES OF THIS FORM ON ALL OTHER PARTIES IN ACCORDANCE WITH R.4:5A-2.

ATTENTION:

ATT: YONGMOON KIM
KIM LAW FIRM LLC
411 HACKENSACK AVE STE 701
HACKENSACK NJ 07601

ECOURTS

# Civil Case Information Statement

## Case Details: ESSEX | Civil Part Docket# L-001649-20

**Case Caption:** VALENTINE CASSANDRA VS CLIENT SERVICES, INC .
**Case Initiation Date:** 02/28/2020
**Attorney Name:** YONGMOON KIM
**Firm Name:** KIM LAW FIRM LLC
**Address:** 411 HACKENSACK AVE STE 701 HACKENSACK NJ 07601
**Phone:** 2012737117
**Name of Party:** PLAINTIFF : Valentine, Cassandra, A
**Name of Defendant's Primary Insurance Company** (if known): Unknown

**Case Type:** COMPLEX COMMERCIAL
**Document Type:** Complaint with Jury Demand
**Jury Demand:** YES - 6 JURORS
**Is this a professional malpractice case?** NO
**Related cases pending:** NO
**If yes, list docket numbers:**
**Do you anticipate adding any parties (arising out of same transaction or occurrence)?** NO
**Are sexual abuse claims alleged?** NO

**THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE**
**CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION**

**Do parties have a current, past, or recurrent relationship?** NO

**If yes, is that relationship:**

**Does the statute governing this case provide for payment of fees by the losing party?** YES

**Use this space to alert the court to any special case characteristics that may warrant individual management or accelerated disposition:**

**Do you or your client need any disability accommodations?** NO
**If yes, please identify the requested accommodation:**

**Will an interpreter be needed?** NO
**If yes, for what language:**

**Please check off each applicable category: Putative Class Action?** YES **Title 59?** NO **Consumer Fraud?** NO

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

02/28/2020
Dated

/s/ YONGMOON KIM
Signed